909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kent G. SHULTZ, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Henry Grayson, Warden, Daniel Bolden,
Dep. Director, Stan Washington, (Housing Direct) ADW; J.
Andrews, (Custody Direct) ADW; R. Nielsen, C/O, J. Collard,
C/O, Gerry Gordon, Linda Coleman, Carl Little, Nanci Jones,
Wilson, C/O, Judith Kalmanek, Defendants-Appellee.
 No. 89-2198.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Kent G. Shultz, a pro se Michigan prisoner, appeals from the judgment of the district court granting summary judgment in favor of defendants. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Shultz brought suit pursuant to 42 U.S.C. Sec. 1983. He alleged that a number of Michigan Department of Corrections employees violated his constitutional rights as a result of his conviction of a major misconduct violation. He was found guilty of refusing to give a urine sample for drug-screening purposes and he challenged the conviction on the grounds that the test violated his fourth amendment rights and the subsequent hearing denied him due process.
 
 
 3
 The district court granted summary judgment for defendants. The court held that, in light of the compelling interest of prison administrators in maintaining internal order and security and a prisoner's diminished expectation of privacy, a reasonably administered drug testing program was not prohibited by the fourth amendment. The court granted summary judgment for defendants on Shultz's due process claim on two separate grounds. First, the court concluded that the due process claim was barred by the rule of Parratt v. Taylor, 451 U.S. 527 (1981), because Michigan law provides an adequate remedy for the random and unauthorized acts complained of by Shultz. Alternatively, the court determined that the process accorded to Shultz was sufficient to satisfy the due process clause.
 
 
 4
 Upon review, we find no error. Accordingly, for the reasons set forth by the district court in its October 10, 1989, opinion, we hereby affirm the judgment of the court that there exists no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex v. Catrett, 477 U.S. 317, 323 (1986). Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation